## G. W. MOSS *v.* F. C. JOHNSON ET AL.

**Demurrer—Necessary Parties to Action.**

> A defendant, who demurs to an amended petition or replication to their answer and cross-petition, for non-joinder, will first have to correct his own pleading, where his demurrer is on account of the same deficiency as in his cross-petition.

APPEAL FROM BUTLER CIRCUIT COURT.

October 12, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This case is very badly prepared on both sides, and it is difficult to say on which side the defects are greatest.

Appellant, after setting out his debt for the unpaid balance of the price of the land and asserting a lien on it for said balance, says he is advised that appellees have a mortgage on the land, but does not say for what amount, nor anything further on the subject, but makes them defendants to his action.

In their answer they state, that their co-defendant, F. C. Johnson, together with G. W. Moore, made a deed of mortgage to secure them as the surety of said F. C. Johnson, and Henry C. Johnson, in a note to Thomas Johnson for $700, which they had been compelled to pay, and allege they had not been repaid, make Moss, F. C. and H. C. Johnson defendants to their cross-petition, and admit that Moss has a lien prior and superior to theirs, and pray for a sale of the land first to pay his debt, and the residue for what it may sell for be applied to pay their debt. They do not even aver that the land Moss was seeking to sell was the same land mortgaged to them, but say the mortgage to them was made by

one Moore and F. C. Johnson, and although they say they will file the mortgage none is filed. They subsequently and after the cause has been submitted, file an amended answer by leave of the court in which they withdraw the admission made in their original answer, and deny that appellant had any lien whatever on the land, say that they became the sureties of F. C. and H. C. Johnson on the note for $700 described in their former answer, which was for borrowed money to pay appellant in part for two tracts of land purchased by F. C. Johnson of him, the tract described in this action being one of them, and conclude with the prayer for a sale of the land to pay their debt, but fail to allege that this tract was mortgaged to them, to make Moore the other mortgagor a defendant, and fail to file their mortgage.

Appellant filed an amended petition in which he virtually admits that the mortgage to Helm, etc., was on the land described in the deed to F. C. Johnson filed by him, and after repeating time and again that Helm, etc., at the time of the mortgage was made to them had actual notice of his lien on the land for his purchase money, charges that the land he had conveyed to Moore was also included in the said mortgage, that it was intended by himself when he made the deed to reserve a lien, and if it was not done it was omitted by mistake. It must be manifest by an examination of the deed that no lien was retained, the amount of the purchase money unpaid was not stated, nor is there any express reservation of a lien, although, therefore, appellees may have had actual notice that all the purchase money was not paid, that fact would not have postponed them, consequently appellant's amended petition was not sufficient, but appellee's demurrer to it brought up for examination of the State and sufficiency of their cross petitions, in the first of which they state that the mortgage was made to them by F. C. Johnson, and G. W. Moore, and make Moss, F. C. and H. C. Johnson defendants thereto, but fail to make Moore a defendant, and in their amendment they refer to the mortgage, say it was made by Moore and Johnson; and profess to file it, which, however, they fail to do, and still do not make Moore a party to their cross-action. *By section 120, Civil Code,* it is a cause of demurrer where it appears on the face of the petition that there is a defect of parties. It will scarcely be contended that in an action to foreclose a mortgage all the mortgagors are not necessary parties. Consequently appellees' demurrer should

have been applied to their own pleading, and as they had committed the first error, it should have been corrected. Wherefore, the judgment is reversed, and the cause is remanded with directions that the appellees be permitted to amend their pleadings if they should ask to do so in reasonable time for further proceedings consistent herewith.

*James, for apepllant.*

*Bate, for appellee.*